United States Court of Appeals,

Eleventh Circuit.

No. 95-2059

Non-Argument Calendar.

UNITED STATES of America, Plaintiff-Appellee,

v.

Martin GONZALEZ, Edwin Nunez, Defendants-Appellants.

Dec. 20, 1995.

Appeal from the United States District Court for the Middle District of Florida. (No. 94-105-Cr-J-16), John H. Moore, II, Chief Judge.

Before DUBINA, BLACK and CARNES, Circuit Judges.

PER CURIAM:

This appeal originally involved two co-defendants, Martin Gonzalez and Edwin Nunez, but we have severed the cases and issue separate opinions in each. This opinion addresses only the appeal by Gonzalez of his conviction for conspiracy to pass and possess counterfeit money, possession of counterfeit money, and passing counterfeit money, under 18 U.S.C. §§ 371 and 472. He raises two issues. First, he contends the district court erred in denying his motion to suppress evidence. Second, he contends the district court erred in not affording him a two level offense reduction for acceptance of responsibility under the United States Sentencing Guidelines.

## I. The Facts

In the late hours of July 1 or early morning hours of July 2, 1994, a bartender at a Daytona Beach nightclub received from a customer, John Starkie, a twenty-dollar bill, which the bartender

suspected was counterfeit. Starkie was with Martin Gonzalez when he passed the bill. While the bartender notified management, Starkie and Gonzalez remained at the bar area. The bartender pointed the two men out to her superiors. One of the managers directed Starkie and Gonzalez to a back room of the nightclub.

At approximately 12:30 a.m. police officers were dispatched to the nightclub. In the presence of an officer, the bartender identified Starkie as the customer who had passed the counterfeit bill to her. The officer examined the bill and believed it was obviously counterfeit because of its texture.

One of the officers asked Gonzalez and Starkie if they had any money and they reached into their pockets and took out additional counterfeit bills. Shortly after producing the counterfeit bills, the men were formally arrested and given a Miranda warning. After that, several other counterfeit bills were found in the nightclub's cash registers and brought to the back room.

Daytona Beach police then interviewed Gonzalez and Starkie separately at the nightclub. Secret Service Special Agent Pritchard was called to the scene and he also interviewed Gonzalez and Starkie. Before interviewing the men, Agent Pritchard read each a Miranda warning. Starkie admitted that he knew the twenty-dollar bill was counterfeit and that he had passed it, but he was reluctant to disclose the source of the bills. Pritchard then allowed Starkie and Gonzalez to speak with each other. After conferring with Gonzalez, Starkie disclosed that the counterfeit bills came from an individual named Tony Garcia. Starkie described Tony Garcia as a "Latino with a black ponytail." Both Starkie and

Gonzalez signed sworn statements, and Starkie led Agent Pritchard to Garcia's residence. Tony Garcia turned out to be Edwin Nunez.

## II. Procedure

A grand jury indicted Gonzalez, Starkie and Nunez on charges of conspiracy to pass and possess conterfeit money, possession of counterfeit money, and passing counterfeit money. Before trial, Gonzalez filed a motion in limine to suppress physical evidence (the counterfeit bills seized from Gonzalez's person) and statements. Gonzalez's motion claimed that the police lacked probable cause to arrest, and reasonable suspicion to detain, him. The motion further alleged that the police had ordered him to give them the counterfeit bills.

The magistrate judge consolidated Gonzalez's hearing with that of his two co-defendants, Starkie and Nunez, both of whom also filed motions to suppress. After four days of hearings [R11-155-7], the magistrate judge issued a report and recommendation that Gonzalez's motion to suppress be denied. The district court adopted the report and recommendation as to Gonzalez.

Gonzalez then attempted to enter a conditional guilty plea to preserve his right to appeal the denial of his motion to suppress. The government opposed a conditional plea. In response, Gonzalez waived his right to a jury trial. After a bench trial, the district court found Gonzalez guilty of three counts of possessing and passing counterfeit bills.

At sentencing, Gonzalez objected to his presentence report because it did not recommend a two-level adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1. The court

overruled the objection, citing as grounds the four-day suppression hearing. Gonzalez appeals his conviction, contending that the district court erred in denying his motion to suppress, and that it was error to deny him an acceptance of responsibility adjustment. We address each contention in turn.

A. Denial of the Motion to Suppress Evidence

The district court denied Gonzalez's motion to suppress the counterfeit bills and the statements he made to officers at the nightclub the evening of his arrest. We review the district court's findings of fact on a motion to suppress only for clear error, with the record being viewed in the light most favorable to the party prevailing below (the government). *United States v. Allison,* 953 F.2d 1346, 1349 (11th Cir.1992). We review the district court's legal conclusions *de novo. Id.*

The district court found that Gonzalez voluntarily emptied his pockets to reveal counterfeit bills. Unless Gonzalez was unlawfully detained at the time he produced those bills, they are admissible as evidence. The same is true of his statements. Gonzalez contends that he was unlawfully detained at the time. He argues that the officers lacked reasonable suspicion to detain him.

It is well settled that a police officer may detain a person under investigation when the officer has a reasonable suspicion that the person is involved in criminal activity. *United States v. Tapia,* 912 F.2d 1367, 1370 (11th Cir.1990). Reasonable suspicion is determined from the totality of the circumstances. *United States v. Sokolow,* 490 U.S. 1, 8, 109 S.Ct. 1581, 1585-86, 104 L.Ed.2d 1 (1989). Although this standard is less demanding than

probable cause, the Fourth Amendment requires that the officer have some minimal objective justification for the stop. *Id.* at 7, 109 S.Ct. at 1585. "Such facts may be derived from "various objective observations, information from police reports, if such are available, and consideration of the modes or patterns of operation of certain kinds of lawbreakers.' " *United States v. Williams,* 876 F.2d 1521, 1524 (11th Cir.1989) (quoting *United States v. Cortez,* 449 U.S. 411, 418, 101 S.Ct. 690, 695, 66 L.Ed.2d 621 (1981)).

Gonzalez contends that the police did not have reasonable suspicion to detain him because he was not identified as having passed a counterfeit bill; he was merely present when Starkie passed a counterfeit bill. We have recognized that a person's mere presence at the scene of a crime, without more, does not support a finding of probable cause to arrest, *e.g., Wilson v. Attaway,* 757 F.2d 1227, 1238 (11th Cir.1985), but the issue before us is not probable cause to arrest. The issue is reasonable suspicion to detain. The police did not detain Gonzalez merely because he was present at the nightclub. Gonzalez was with Starkie at the nightclub and was standing beside him when Starkie passed the counterfeit bill. A person's proximity to a person whom officers have probable cause to believe is committing a crime may be considered as a factor in assessing reasonable suspicion. *United States v. Sink,* 586 F.2d 1041, 1047 (5th Cir.1978); *United States v. Silva,* 957 F.2d 157, 159-61 (5th Cir.), *cert. denied,* --- U.S. ----, 113 S.Ct. 250, 121 L.Ed.2d 182 (1992).

The officers were acting on more than an inchoate and unparticularized suspicion here. *See United States v. Worthington,*

544 F.2d 1275, 1280 (5th Cir.), *cert. denied,* 434 U.S. 817, 98 S.Ct. 55, 54 L.Ed.2d 72 (1977). We are convinced that the district court properly applied the law to its factual findings in deciding that the police had reasonable suspicion to detain Gonzalez for investigation. The evidence voluntarily produced, and statements voluntarily made, by Gonzalez during the lawful pre-arrest investigation was admissible against him.

### B. The Sentencing Guidelines Issue

Gonzalez also contends that the district court erred by refusing to reduce his offense level for acceptance of responsibility under section 3E1.1 of the United States Sentencing Guidelines. Section 3E1.1 provides that a defendant who "clearly demonstrates a recognition and affirmative acceptance of personal responsibility for his criminal conduct" may receive a two-level decrease in his offense level. U.S.S.G. § 3E1.1(a). We review the district court's determination under section 3E1.1(a) for clear error. *United States v. Carroll,* 6 F.3d 735, 739 (11th Cir.1993). We have stated numerous times that "[t]he district court is in a unique position to evaluate whether a defendant has accepted responsibility for his acts, and this determination is entitled to great deference on review." *United States v. Pritchett,* 908 F.2d 816, 824 (11th Cir.1990).

Comment 2 to section 3E1.1 provides that "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." Gonzalez maintains that he accepted responsibility

because, apart from his challenge to the admissibility of the evidence, he did not testify and deny actual guilt, and he saved the court time by: (1) offering a conditional plea (rejected by the government); (2) waiving his right to a jury trial; and (3) stipulating to facts based upon transcripts of the motion hearing.

Comment 2 to section 3E1.1 states that if a defendant elects to go forward with trial, it is a "rare situation" when the defendant may nonetheless qualify for acceptance of responsibility. Such a rare situation may exist when a defendant goes to trial only to "preserve issues that do not relate to factual guilt." The examples the comment gives of matters unrelated to factual guilt are constitutional challenges to a statute and challenges to the applicability of a statute to specific conduct. Those examples are further removed from contesting "factual guilt" than is a challenge to the admissibility of the evidence establishing factual guilt.

Gonzalez was charged with possessing and passing counterfeit twenty-dollar bills. The dispositive evidence was the evidence he sought to suppress—the counterfeit bills found in his pocket and his statements. This evidence was sufficient, and perhaps necessary, to support his conviction. By challenging the admissibility of the essential evidence against him, Gonzalez attempted to avoid a determination of factual guilt and to thereby escape responsibility for his crime. In view of the evidence, Gonzalez's only practical defense to the charges was to challenge the admissibility of the seized counterfeit bills and his statements. And he did just that. Accordingly, the district court concluded that Gonzalez was not entitled to a reduction for

acceptance of responsibility. Under these circumstances, the district court's rejection of the acceptance of responsibility reduction was not clear error.

Gonzalez cites *United States v. Kimple,* 27 F.3d 1409, 1413 (9th Cir.1994), for the proposition that the district court, in determining a defendant's acceptance of responsibility, cannot consider any constitutionally protected conduct. In that case the defendant, like Gonzalez, filed a motion to suppress evidence, and there was a hearing on that motion, which the defendant ultimately lost. The Ninth Circuit said that "a defendant's exercise of [constitutional] rights at the pretrial stage should not in and of itself preclude a reduction for timely acceptance," and it held that the defendant was entitled to receive the acceptance of responsibility reduction if he pleaded guilty before the prosecution began meaningful trial preparations and before the district court unnecessarily expended its resources. *Id.* The court expressly limited its holding, however, stating:

> We decide only that given the facts of this particular case, the district court did not inefficiently expend its judicial resources in ruling on the pretrial motions. We do not attempt, however, to set forth specific examples in which the use of judicial resources would preclude an additional one-point reduction; rather, such determinations should be made on a case-by-case basis.

*Id.* at 1413 n. 4.

*Kimple* left the district courts of the Ninth Circuit with the ability to refuse an acceptance of responsibility reduction when the district court has unnecessarily expended its resources. Even if we were to adopt *Kimple* 's reasoning, refusal of the sentencing reduction in this case would still be appropriate. The district

court conducted hearings on the defendants' motions to suppress for four days.  Even if only a portion of those four days was devoted to Gonzalez's motion, we could not say that it was clear error for the district court to refuse to apply the reduction.  Moreover, Gonzalez never pleaded guilty.  He required the district court to expend additional resources conducting a bench trial.  Thus, even if we were to adopt the reasoning of *Kimple,* this case would be distinguishable.

The district court's consideration at sentencing of Gonzalez's efforts to put the government to the test by fighting the essential evidence against him, and his failure to unconditionally plead guilty, does not impermissibly punish Gonzalez for exercising his constitutional rights. *United States v. Henry,* 883 F.2d 1010, 1011 (11th Cir.1989) ("Section 3E1.1 may well affect how criminal defendants choose to exercise their constitutional rights.  But "not every burden on the exercise of a constitutional right and not every encouragement to waive such a right is invalid.' " (quoting *Corbitt v. New Jersey,* 439 U.S. 212, 219, 99 S.Ct. 492, 493-97, 58 L.Ed.2d 466 (1978))).  It was not clear error for the district court to refuse to afford Gonzalez an acceptance of responsibility sentencing reduction.

## III. Conclusion

Gonzalez's conviction and sentence is AFFIRMED.