KLEIN, J.
Appellant, whose probation was revoked as a result of his arrest for home invasion robbery, moved to suppress the arrest on the ground that he was merely a bystander. As a result of his arrest the police obtained evidence which incriminated him. We reverse.
A detective responded to the scene of the robbery around 10:00 p.m., and his interview of the victims, a mother and daughter, indicated that two males had entered the home and threatened them at gunpoint. The thirteen year old daughter informed the detective that she saw appellant, who had not entered the home, standing outside her yard on the other side of a low fence, and he appeared to be acting as a lookout. He was on a path that people in the neighborhood regularly used, merely watching. He did not signal or otherwise communicate with the two gunmen in the residence, and did not conceal himself. The daughter observed appellant drive off in a car while the gunmen were still there.
The detective who arrested appellant testified that he believed he had probable cause based entirely on the daughter’s statement that she thought he was acting as a lookout. The detective knew before arresting appellant that appellant lived in the same rooming house as the two suspects, but when the detective went to the rooming house to look for all of them, appellant was not there. The next day, using the description of the car in which appellant had left the scene of the robbery, the detective arrested him, and, as a result, obtained incriminating evidence.
Appellant argues that there was no probable cause for his arrest because the *317 officer did not have reasonable grounds to believe that he had committed a felony. Blanco v. State, 452 So.2d 520 (Fla.1984); § 901.15(2), Fla. Stat. (2002) (officer may arrest a person without a warrant when a felony has been committed and he or she reasonably believes that the person committed it).
In State v. Parrish, 470 So.2d 869 (Fla. 1st DCA 1985) an officer had been advised that two men in a silver Camaro had just robbed a drugstore and that a person about ten blocks away had just been shot at by two men.' A passerby flagged down the officer and informed him he had seen two men hop a fence and run across a yard toward a store. When the officer arrived at the scene he found the defendant standing in front of the store and the passerby indicated that he was one of the men he had seen running. The officer arrested Parrish without asking any questions, and the court affirmed the granting of the motion to suppress the arrest, explaining that the officer should have investigated further before arresting him for the armed robbery.
We conclude that this arrest should have been suppressed. Appellant was on a path used regularly by the people in the neighborhood, and it was not unusually late. Under these facts the officer did not have probable cause. United States v. Gonzalez, 70 F.3d 1236, 1238 (11th Cir.1995) (“mere presence at the scene of a crime, without more, does not support a finding of probable cause to arrest.”). Reversed.
FARMER, C.J., and STONE, J., concur.