[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 04-14725
Non-Argument Calendar

_____

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 11, 2005
THOMAS K. KAHN
CLERK

D.C. Docket No. 04-00019-CR-WH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RUBEN TINOCO-FAJARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Alabama

_____

**(May 11, 2005)**

Before HULL, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Ruben Tinoco-Fajardo appeals his conviction and sentence for illegal re-

entry into the United States, in violation of 8 U.S.C. section 1326. Tinoco-Fajardo

contends that the district court erred when it (1) denied Tinoco-Fajardo's motion to suppress evidence obtained during a warrantless arrest, and (2) denied Tinoco-Fajardo's motion for a sentence reduction for acceptance of responsibility. We affirm.

Tinoco-Fajardo, a passenger on a Greyhound bus that had stopped in Mobile, Alabama, was questioned by United States Border Patrol agents conducting an operation to verify the citizenship of the bus passengers. After Tinoco-Fajardo had exited the bus, the agents asked to see his identification. According to Agent Burnette, the arresting officer, Tinoco-Fajardo appeared nervous, spoke in broken English, and did not have any identification with him. Tinoco-Fajardo boarded the bus to retrieve his identification, but did not return. Agent Burnette then boarded the bus, observed Tinoco-Fajardo "grabbing his belongings," and asked Tinoco-Fajardo if he had found his identification. Tinoco-Fajardo replied that he had not, but when Agent Burnette asked Tinoco-Fajardo if he had any other bags on the bus, Tinoco-Fajardo conceded that he "maybe" had a bag under the bus.

Tinoco-Fajardo and Agent Burnette exited the bus together, and Agent Burnette retrieved Tinoco-Fajardo's bag from under the bus. Agent Burnette asked Tinoco-Fajardo if "we [the agents] could go through his bags and find his

identification, and he said yes." When Agent Burnette found receipts for wire transfers to Honduras, Tinoco-Fajardo admitted that he sent the transfers to his family in Honduras and admitted to being in the United States illegally. Tinoco-Fajardo was then arrested.

Tinoco-Fajardo first contends that he was seized when Agent Burnette boarded the bus to look for him, because he did not reasonably believe himself free to leave. According to Tinoco-Fajardo, he "silently acquiesced" to Agent Burnette's authority "from the moment Agent Burnette went on the bus to retrieve him." Tinoco-Fajardo argues that the Border Patrol officers did not have reasonable suspicion to justify a stop, and that the district court should have suppressed any evidence gathered as fruit of that allegedly illegal seizure.

Under the Fourth Amendment, a seizure occurs when a reasonable person would have believed he was not free to leave. United States v. Mendenhall, 446 U.S. 544, 554, 100 S. Ct. 1870, 1877 (1980). When the "totality of circumstances indicate that an encounter has become too intrusive to be classified as a brief seizure, the encounter is an arrest and probable cause is required." United States v. Espinosa-Guerra, 805 F.2d 1502, 1506 (11th Cir. 1986). The record shows that the district court did not clearly err in finding that Tinoco-Fajardo was not seized when Agent Burnette boarded the bus to check on Tinoco-Fajardo.

3

Nothing that Agent Burnette did on the bus would have led a reasonable person to believe that he was not free to leave. Unlike the defendant in Espinosa-Guerra, Tinoco-Fajardo spoke some English, and the record does not show that Agent Burnette, unlike the agent in Espinosa-Guerra, asked or gestured for Tinoco-Fajardo to follow him off the bus. Because Agent Burnette never asked Tinoco-Fajardo to follow him off the bus, the government was not required to show "exceptionally clear evidence of consent." See id. at 1507.

The record supports the ruling of the district court that the arrest of Tinoco-Fajardo was supported by probable cause. Tinoco-Fajardo was not seized until after he admitted to being in the United States illegally. Based on that admission, the agents had probable cause at that point to arrest Tinoco-Fajardo.

Even if Tinoco-Fajardo had been seized during the encounter on the bus with Agent Burnette, reasonable suspicion justified that seizure. United States v. Brignoni-Ponce, 422 U.S. 873, 884, 95 S. Ct. 2574, 2582 (1975). Agent Burnette testified that Tinoco-Fajardo was nervous during the initial encounter outside the bus, spoke in broken English, and did not return from the bus within a reasonable time after having been asked for his identification. The totality of those circumstances showed that Agent Burnette had reasonable suspicion to detain Tinoco-Fajardo. See United States v. Arvizu, 534 U.S. 266, 273, 122 S. Ct. 744,

4

750 (2002). Because the factual findings of the district court were not clearly erroneous, United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002), the district court did not err when it denied the motion to suppress.

The district court also did not err when it denied Tinoco-Fajardo's motion for a sentence reduction based on acceptance of responsibility. The Sentencing Guidelines provide that a defendant is eligible for a two-level decrease in his offense level if he "clearly demonstrates acceptance of responsibility for his offense." U.S.S.G. § 3E1.1(a). A district court is permitted to deny a sentence reduction under section 3E1.1(a) "based on conduct inconsistent with acceptance of responsibility, even when that conduct include[d] the assertion of a constitutional right." United States v. Smith, 127 F.3d 987, 989 (11th Cir. 1997) (en banc).

We give great deference to the findings of the district court regarding Tinoco-Fajardo's acceptance of responsibility and are bound to accept those findings unless they are clearly erroneous. U.S.S.G. § 3E1.1 cmt. n.5; United States v. Gonzalez, 70 F.3d 1236, 1239 (11th Cir. 1995) (per curiam). Tinoco-Fajardo did not enter a guilty plea, but instead consented to a bench trial with the understanding that he would challenge the denial by the district court of his motion to suppress physical evidence. By challenging the admissibility of critical

evidence against him, Tinoco-Fajardo "attempted to avoid a determination of factual guilt and to thereby escape responsibility for his crime."  Gonzalez, 70 F.3d at 1239.  Consideration at sentencing by the district court of Tinoco-Fajardo's "efforts to put the government to the test by fighting the essential evidence against him, and his failure to unconditionally plead guilty, d[id] not impermissibly punish [Tinoco-Fajardo] for exercising his constitutional rights." Id. at 1240.

**AFFIRMED.**