[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-11021
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 17, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00159-CR-ORL-19-KRS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HERBERT DWIGHT WASHINGTON,
a.k.a. Herbert D. Washington,
a.k.a. Herbert Washington,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 17, 2010)

Before EDMONDSON and MARCUS, Circuit Judges, and BARBOUR,* District
Judge.

_____

* Honorable William Henry Barbour, Jr., United States District Judge for the Southern
District of Mississippi, sitting by designation.

PER CURIAM:

Briefly stated, these circumstances are presented. Police observed Defendant engage in suspicious activity and pulled him over for a traffic violation. Upon reaching the car, the officer detected an odor of marijuana and effected a search of the vehicle and the Defendant. The search revealed narcotics in the car and a firearm on the Defendant, who was a convicted felon at the time. After a failed motion to suppress the weapon and a brief bench trial, Defendant was convicted of being a felon in possession of a firearm pursuant to 18 U.S.C. section 922(g). The district court concluded that the weapon was possessed in connection with possession of narcotics and enhanced Defendant's sentence by four levels. See U.S.S.G. § 2K2.1(b)(6) (enhancing sentences for possession of a firearm in connection with another felony). The district court declined to reduce Defendant's Guidelines score for acceptance of responsibility, and sentenced him to 120 months' incarceration.

The appeal presents these issues:

Did the district court err in accepting the police officer's testimony that he smelled marijuana in the car?

2

Did the district court err in enhancing Defendant's sentence for possession of a firearm in connection with narcotics?

Did the district court err by not reducing Defendant's Guidelines score for acceptance of responsibility?

None of these issues raises a foundation for reversible error. For the acceptance of responsibility reduction, we -- given the case and arguments before us -- are bound by United States v. Gonzalez, 70 F.3d 1236 (11th Cir. 1995).

AFFIRMED.