[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12650
Non-Argument Calendar
_____

D.C. Docket No. 2:12-cr-00463-JHH-JEO-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BENJAMIN TODD ACTON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(February 21, 2014)

Before WILSON, HILL, and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin Acton appeals his total 91-month sentence after pleading guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); and possession of a firearm which had a barrel less than 18 inches and which was not registered to him in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).  On appeal, Acton argues that the district court clearly erred in denying him a reduction in his total offense level for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  He maintains that the act of withdrawing a guilty plea does not automatically preclude a reduction for acceptance of responsibility.  After review, we affirm.

We review for clear error the district court's determination regarding a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1.  *United States v. Moriarty*, 429 F.3d 1012, 1022-23 (11th Cir. 2005).  Because the district court's determination regarding a defendant's acceptance of responsibility is entitled to great deference, we will not set aside the district court's decision that a defendant is not entitled to a downward reduction for acceptance of responsibility unless the record clearly establishes that the defendant accepted responsibility.  *Id.*  "The defendant bears the burden of clearly demonstrating acceptance of

2

responsibility and must present more than just a guilty plea." *Id.* at 1023

(quotation omitted).

Pursuant to § 3E1.1(a), a defendant is entitled to a two-level reduction in his

offense level if he clearly demonstrates acceptance of responsibility.  U.S.S.G

§ 3E1.1(a).  The commentary to § 3E1.1 states that:

> In determining whether a defendant qualifies under subsection (a), appropriate considerations include, but are not limited to, the following:
>
> (A) truthfully admitting the conduct comprising the offense(s) of conviction, and truthfully admitting or not falsely denying any additional relevant conduct for which the defendant is accountable under § 1B1.3 (Relevant Conduct) . . . . However, a defendant who falsely denies, or frivolously contests, relevant conduct that the court determines to be true has acted in a manner inconsistent with acceptance of responsibility[.]

U.S.S.G. § 3E1.1, comment. (n.1(A)).  The entry of a guilty plea combined with a

truthful admission of the conduct comprising the offense charged constitutes

significant evidence of acceptance of responsibility.  *Id.* § 3E1.1, comment. (n.3).

"A defendant who enters a guilty plea is not entitled to an adjustment under this

section as a matter of right." *Id.*

"Although a guilty plea can constitute significant evidence of acceptance of

responsibility, it may be outweighed by conduct of the defendant inconsistent with

an acceptance of responsibility." *Moriarty*, 429 F.3d at 1023.  We have noted that

3

the act of moving to withdraw a guilty plea does not automatically prevent a reduction for acceptance of responsibility. *United States v. McCarty*, 99 F.3d 383, 387 (11th Cir. 1996). However, the district court may consider a defendant's post-offense conduct, whether related or unrelated to the offense of conviction, in determining whether a downward adjustment for acceptance of responsibility is warranted. *United States v. Pace*, 17 F.3d 341, 343 (11th Cir. 1994).

We have held that a defendant was not entitled to an adjustment for acceptance of responsibility when he pled guilty on the eve of trial, only after he had unsuccessfully moved to suppress the evidence against him. *United States v. Knight*, 562 F.3d 1314, 1328 (11th Cir. 2009); *see also United States v. Gonzalez*, 70 F.3d 1236, 1239 (11th Cir. 1995) (holding that defendant who had challenged the admissibility of the evidence necessary to support his conviction was not entitled to a reduction for acceptance of responsibility).

Here, the district court did not clearly err in denying Acton a reduction for acceptance of responsibility. Although a guilty plea constitutes significant evidence of acceptance of responsibility, Acton's unsuccessful motion to withdraw his guilty plea was conduct inconsistent with an acceptance of responsibility. *Moriarty*, 429 F.3d at 1023. While we have stated that the act of moving to withdraw a guilty plea does not automatically prevent the reduction for acceptance of responsibility, the record in this case does not clearly establish that Acton

4

accepted responsibility for his offenses. *See McCarty*, 99 F.3d at 387; *Moriarty*, 429 F.3d at 1022-23. First, Acton pled guilty only after the district court denied his motion to suppress the sawed-off shotgun found during the search of his home, and we have held that defendants were not entitled to a reduction where they had challenged the admissibility of the evidence against them. *See Knight*, 562 F.3d at 1328; *see also Gonzalez*, 70 F.3d at 1239. Furthermore, Acton's motion to withdraw his guilty plea stated only that his guilty plea was "not intelligent, knowing, or voluntary" and that he was in essence dissatisfied with his attorney. Acton never claimed that he did not fully understand the legal ramifications of his plea in his motion to withdraw his plea, but instead raised this argument for the first time in his objections to the presentence investigation report.

The district court's conclusion that Acton was not entitled to the reduction, pursuant to § 3E1.1, is entitled to great deference. *See Moriarty*, 429 F.3d at 1022-23. Acton does not meet his burden with his contention that there is nothing in the record establishing that he contested the wrongfulness of his actions because his guilty plea alone does not suffice to establish that he accepted responsibility. *See Moriarty*, 429 F.3d at 1022-23; *see also* U.S.S.G. § 3E1.1, comment. (n.3). Although he contends that his Rule 11 plea colloquy did not address the consequences his plea would have on his pending state law charges, Acton did not raise any argument regarding the district court's denial of his motion to withdraw

5

his guilty plea in his appellate brief. *United States v. Jernigan*, 341 F.3d 1273, 1283 n.8 (11th Cir. 2003) (noting that a passing reference in a brief without substantive legal argument is insufficient to preserve an issue). Accordingly, we affirm.

**AFFIRMED.**