[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12448
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-20033-JEM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEX KNIGHT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(May 16, 2019)

Before TJOFLAT, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Alex Knight, a convicted felon, was indicted and charged with (1) unlawful possession of a firearm and ammunition (Count One), (2) possession of a controlled substance with intent to distribute (Count Two), and (3) possession of a firearm in furtherance of a drag trafficking crime (Count Three).  Knight moved to suppress the firearm, ammunition, and controlled substance that provided the bases for the charges.  The District Court denied the motion, and the case went to trial. A jury found Knight guilty of possessing a firearm and ammunition—Count One— and guilty of simple possession of a controlled substance—a lesser-included offense in Count Two.  The jury found Knight not guilty of possessing a firearm in furtherance of a drag trafficking crime—Count Three.  The District Court sentenced him to 72 months' imprisonment; this was above the recommended Guideline range.

Knight raises three issues on appeal.  First, he argues that the District Court erred by denying his Motion to Suppress.  Second, he claims the District Court erred when it applied a four-level enhancement to his sentence based on its finding that he "possessed a[] firearm or ammunition in connection with another felony offense."  *See* United States Sentencing Commission, *Guidelines Manual* § 2K2.1(b)(6)(B) (Nov. 2016).  Third, he says the District Court erred by refusing to reduce his sentence because he accepted responsibility.  *See id.* § 3E1.1(a) (noting that the sentencing court should decrease the offense level by two "[i]f the

2

defendant clearly demonstrates acceptance of responsibility for his offense"). We affirm.

## I.

Knight was indicted based on a firearm and drugs that police officers found while searching his house. The officers had a warrant, but Knight says the warrant was invalid—and thus its fruits should be suppressed—because the author of the warrant's supporting affidavit purposefully or recklessly left out important information.

Here's what happened. Knight was a suspect in a string of burglaries, and there was a warrant for his arrest. Two detectives and a police officer went to Knight's house to execute the arrest warrant. After they placed him under arrest and cuffed him, Knight said that he was having stomach pains. In response, one of the detectives called fire rescue to the scene so they could evaluate Knight before taking him to the police station. No one gave Knight the *Miranda* warnings.

While the group was waiting for fire rescue to arrive, the lead detective for the burglary investigation arrived on the scene. According to the detective's testimony at the suppression hearing, she arrived at Knight's house and asked him for consent to search for the items related to the burglaries. Knight said he would consent if the detective would "overlook a weapon that he had." The detective

3

explained that's not how things work: if he consented to a search, there would be no stipulations.[1]  Then, the detective went outside.

The detective was called back inside because Knight wanted to speak with her.  She went inside, and Knight told her that she could search his house if she would overlook the drugs that he had for his "personal use."  The detective explained that she was going to get a search warrant and again rejected Knight's conditional offer.  She eventually went back to the police station and filled out the search warrant and supporting affidavit.

In the probable cause statement, the detective noted that she did "not include[] every aspect, fact, or detail of t[he] investigation" "[b]ecause t[he] affidavit [was] being submitted for a limited purpose of requesting a warrant."  The detective explained that she located Knight at his house.  Then, she wrote this: "The officers who contacted [Knight] indicated that they need[ed] to talk with him. Spontaneously, [Knight] stated that there was a weapon and illegal narcotics in [his house]."  In the "Property Sought" section of the supporting affidavit, the detective listed (1) firearms, (2) ammunition, (3) illegal drugs, and (4) the items taken during the burglaries.

---

[1] The detective asked Knight why he had the firearm, and he said his friend gave it to him for protection.  She asked if the firearm was on his person, and he explained that it was in his bedroom closet.

The search warrant was approved, and police officers executed it.  During the search, they found a firearm, bullets, 72 baggies that contained a heroin-fentanyl mixture, and $160 in one-, ten-, and twenty-dollar bills.

Knight moved to suppress the evidence and requested a *Franks*[2] hearing.  He argued that the warrant's supporting affidavit left out material facts: it did not mention that the detective asked Knight for consent to search after he was placed under arrest.  Nor did it say that Knight told the officers about the firearm and narcotics in his house only after he was asked to consent to a search.  Thus, Knight argued, his statements were not really "spontaneous"; instead, he was in custody and answering a question when he made them.  Finally, Knight claimed that if the supporting affidavit told the full story, it would not have supported a finding of probable cause.

The District Court held a hearing on Knight's motion to suppress the evidence and request for a *Franks* hearing.  It denied relief.  The Court found that the supporting affidavit's use of "spontaneous" was "the right word": "If a question is asked [here, the question was whether Knight would consent to a search] and he [Knight] answered a different question, that's spontaneous."  As for the omissions—that other officers were at the house, that Knight was sick, that fire rescue had been called, and that Knight had been asked for consent—the Court

---

[2] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674 (1978).

5

found that they were not "particularly material." It also found that they were not deliberately left out. Finally, the Court found that even if the supporting affidavit included the omitted statements, it still would have supported a finding of probable cause.

When considering a motion to suppress, we review a district court's findings of fact for clear error and its application of the law to the facts *de novo*. *United States v. Novaton*, 271 F.3d 968, 986 (11th Cir. 2001). Thus, "we will not overturn a district court's decision that omissions or misrepresentations in a warrant affidavit were not reckless or intentional unless clearly erroneous." *United States v. Reid*, 69 F.3d 1109, 1113 (11th Cir. 1995). In reviewing a motion to suppress, we "construe[] [all facts] in the light most favorable to the prevailing party below." *Id.*

Affidavits supporting arrest warrants are presumptively valid. *Franks v. Delaware*, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978). To void the warrant and exclude the evidence, Knight must prove by a preponderance of the evidence "(1) that the alleged misrepresentations or omissions were knowingly or recklessly made by [the detective], and (2) that the result of excluding the alleged misrepresentations and including the alleged omissions would have been a lack of probable cause for issuance of the warrant[]." *Novaton*, 271 F.3d at 986–87.

We begin with the alleged misrepresentation.  Knight argues that he did not "spontaneously" tell the officers about the firearm and narcotics because he shared the information only after being asked if he would consent to a search.  The District Court found that Knight's answers to the consent question were in fact spontaneous because they did not respond to the question the detective asked.  This finding is not clearly erroneous.  Spontaneous means "proceeding from natural feeling or native tendency without external constraint." *Spontaneous*, Merriam-Webster Online, https://www.merriam-webster.com/dictionary/spontaneous.  Here, Knight knew that he had a firearm, ammunition, and drugs that he shouldn't have.  And his answer—telling the detective that he would consent to a search if she overlooked these items—was unconstrained by the detective's question.  Indeed, a simple yes or no response would have answered the consent question.  The District Court did not clearly err in finding that Knight failed to prove the first prong.

Next, we consider the omissions.  Knight argues that the supporting affidavit should have told the entire story—that other officers were at the house, that Knight was sick, that fire rescue had been called, and that Knight had been asked for consent.  The District Court found that these facts were not deliberately omitted.  Nothing in the record convinces us that the detective deliberately or recklessly left these facts out.  At the suppression hearing, the detective said that she included only those facts that were relevant to the finding of probable cause.  The District

7

Court did not clearly err in finding that Knight failed to prove the first prong for the omitted facts.

But even if Knight had met his burden under the first prong for either the misrepresentation or the omissions, the District Court found that Knight had not met his burden under the second prong.  The Court found that even without the alleged misrepresentation and omissions, the affidavit still would have supported a finding of probable cause.  We give "great deference to a determination of probable cause by a district court." *United States v. Shabazz*, 887 F.3d 1204, 1214 (11th Cir. 2018) (citation and alterations omitted).  We agree with the District Court that—even if the supporting affidavit parroted the detective's testimony at the suppression hearing—the affidavit would still "contain 'sufficient information to conclude that a fair probability existed that [a firearm, ammunition, and drugs] would be found'" at Knight's house.  *See id.* (citation omitted).  In other words, these omissions were immaterial to the probable cause analysis.

Knight argues that if the supporting affidavit told the full story, the judge who approved the warrant would have questioned whether Knight voluntarily gave his "un-Mirandized" incriminating statements about the firearm and drugs.  He points out that he has his limited education and mental health issues.  He also notes that he was under arrest at the time.  But he points to no coercive behavior from the detective or other officers.  We have no reason to think that his answers to a simple

8

yes-or-no question were involuntary or were simply an acquiescence to police

authority. In fact, he tried to bargain with the detective and ultimately refused to

give consent. Thus, the District Court did not err in finding that the affidavit

would support probable cause even without the alleged misrepresentation and

omissions.[3]

The District Court did not err by denying the motion to suppress.

## II.

Before sentencing, the probation office prepared a Presentence Investigation

Report (the "PSI"). As part of Knight's Guideline calculations, the probation

office applied a four-level enhancement under U.S.S.G. § 2K2.1(b)(6)(B). Section

2K2.1(b)(6)(B) applies if a defendant "possessed a[] firearm or ammunition in

---

[3] There's a good chance that the firearm, ammunition, and drugs would be admissible under the inevitable-discovery doctrine. That doctrine operates as an exception to the exclusionary rule, allowing the introduction of evidence obtained through unlawful means that would otherwise be inadmissible. *United States v. Virden*, 488 F.3d 1317, 1322 (11th Cir. 2007). To get the benefit of the doctrine, the Government must show by a preponderance of the evidence that the evidence in question ultimately would have been discovered by lawful means that were being actively pursued before the illegal conduct occurred. *See id.*

Here, even if we assume that the detective intentionally misrepresented and omitted facts, and even if we assume there was no probable cause to search for the firearm and drugs without the misrepresented and omitted facts, the Government likely would have found the evidence anyway. Even without the complained-of problems, the affidavit still would have supported a finding of probable cause to search for items related to the burglaries. Those items included credit cards, ATM cards, bank cards, wallets, and purses. Officers would have reasonably searched the bedroom closet (where the gun was found) and the jar in the kitchen (where the drugs and money were found) when looking for the items related to the burglary. Knight claims the Government's assertion that the officers would have stumbled across the firearm and drugs is speculative. Given our holding above, we need not definitively decide the inevitable-discovery question.

connection with another felony offense."  Here, the "felony offense" that triggered § 2K2.1(b)(6)(B) was possession of heroin with intent to distribute, a drug-trafficking crime.

Knight objected and argued that the Government did not show by a preponderance of the evidence that Knight possessed the firearm in connection with a drug trafficking crime.  In fact, Knight noted, the jury found him not guilty of this very crime when it found him not guilty of Count Three.  Recall, Count Three was possession of a firearm in furtherance of a drag trafficking crime.  The District Court overruled the objection and applied the enhancement.

"We review a district court's factual findings under the Sentencing Guidelines for clear error" and its interpretation of the guidelines *de novo*.  *United States v. Carillo-Ayala*, 713 F.3d 82, 87 (11th Cir. 2013).  "The Government bears the burden of establishing by a preponderance of the evidence the facts necessary to support a sentencing enhancement."  *United States v. Askew*, 193 F.3d 1181, 1183 (11th Cir. 1999).  A preponderance of the evidence, while not a high standard of proof, is not a toothless standard, and a district court may not abandon its responsibility to ensure that the Government meets this standard.  *Id.*

Here, to trigger the enhancement under § 2K2.1(b)(6)(B), the Government needed to prove by a preponderance that Knight (1) possessed a firearm or ammunition (2) "in connection with another felony offense," U.S.S.G.

10

§ 2K2.1(b)(6)(B), here, the possession of heroin with intent to distribute.  Only the second element is at issue.

First, we consider whether the Government proved by a preponderance of the evidence that Knight possessed heroin with intent to distribute.  It can make this showing even though Knight was not convicted of that offense.  *See* U.S.S.G. § 2K2.1(b)(6)(B), cmt. n.14(C) ("'Another felony offense', for purposes of subsection (b)(6)(B), means any federal, state, or local offense, other than the explosive or firearms possession or trafficking offense, punishable by imprisonment for a term exceeding one year, regardless of whether a criminal charge was brought, or a conviction obtained.").

Knight argued that there was not enough evidence at trial to prove that he intended to distribute the heroin because there was no evidence that he ever actually sold or delivered it to anyone.  The District Court overruled the objection. It noted that the officers "found everything that looked to anybody with any experience as the stuff of a petty drug dealer."  It went on and explained that "it was pretty obvious what [Knight] was doing with this stuff in his house."  Indeed, the Court said that "people that are going to use drugs do not usually go to the trouble of putting them in separate glassine envelopes.  They just don't. . . . They don't put them in separate envelopes unless they're going to sell them to somebody."  The District Court's finding is not clearly erroneous.

11

One of the detectives who helped execute the search warrant found a medium-sized Ziploc bag that had 72 individual baggies of a heroine-fentanyl mixture. He said the street value for each baggie is $10, or $720 total. He also found $160 in one-, ten-, and twenty-dollar bills. The detective testified that the small bills were "very, very common in the street level narcotics." Another witness—who had worked on narcotics cases for most of his 21-year career— testified that, based on his experience, "no more than five" baggies of heroin were consistent with personal use. "Ten bags and up," by contrast, were consistent with someone distributing heroine. The detective said it was "obvious" to him that the number of baggies in Knight's apartment was consistent with distribution. Given all this evidence, the District Court's finding that the Government proved by a preponderance that Knight intended to distribute heroin is not clearly erroneous.[4]

Knight argues (in a footnote) that the District Court made no findings of fact as to whether the facts supported the Government's argument that Knight was engaged in drug trafficking. True enough, the District Court did not use magic

---

[4] Knight argues that the four-level enhancement violated his Sixth Amendment right to a trial by jury and his Fifth Amendment right to due process of law because the enhancement was based on acquitted conduct. He acknowledges that argument is foreclosed by our precedent. *United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) ("[U]nder an advisory Guidelines scheme, courts can continue to consider relevant acquitted conduct so long as the facts underlying the conduct are proved by a preponderance of the evidence and the sentence imposed does not exceed the maximum sentence authorized by the jury verdict.").

12

words and say that it found as a matter of fact that the Government met its burden. But based on our discussion above, we have no doubt that the Court did in fact make the necessary finding.

Next, we consider whether Knight possessed the firearm "in connection with" the drug trafficking offense. *See* U.S.S.G. § 2K2.1(b)(6)(B). "A 'connection' is shown by *less* evidentiary proof than is required to show possession 'in furtherance of' a drug offense." *Carillo-Ayala*, 713 F.3d at 96. When the "other felony offense" is a drug trafficking crime—and here it is—the enhancement applies if the "firearm is found in close proximity to drugs." U.S.S.G. § 2K2.1(b)(6)(B), cmt. n.14(B). This is because, as the commentary explains, "the firearm has the potential of facilitating another felony offense." *Id.* Finally, if a firearm in fact is found "in close proximity to drugs," the enhancement applies even if there is no additional evidence. *See Carillo-Ayala*, 713 F.3d at 92 ("A firearm found in close proximity to drugs or drug-related items simply '*has*'— without any requirement for additional evidence—the potential to facilitate the drug offense.").

So, everything turns on whether the firearm in Knight's apartment was found in close proximity to the drugs. He argued that the firearm was not in close proximity because it was in his bedroom closet, and the drugs were in the kitchen.

13

The District Court overruled the objection and found that the firearm was in close proximity.  This finding is not clearly erroneous.

A detective testified that Knight's apartment was "fairly small."  The firearm was found in in a shoebox on the top shelf of Knight's bedroom closet.  Given the size of the apartment, the bedroom and the kitchen were close together.  Thus, the District Court did not clearly err.

### III.

The Guidelines recommend decreasing a defendant's offense level by two levels "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. §3E1.1(a).  Here, the probation office did not apply the reduction because "Knight put the government to its burden of proof by denying the essential factual elements of guilt."

Knight objected; he argued that he admitted at trial that he possessed narcotics and asked the jury to find him guilty of simple possession (a lesser-included offense of Count Two).  Thus, Knight said, he should be given some credit for accepting responsibility.  The District Court overruled the objection.

We give great deference to a district court's denial of a reduction for acceptance of responsibility under § 3E1.1.  *United States v. Moriarty*, 429 F.3d 1012, 1022 (11th Cir. 2005) (per curiam).  We review for clear error.  *See id.*

14

Here, "the facts in the record [do not] clearly establish that [Knight] accepted responsibility," so the District Court did not err.

We have said that "[a] defendant who fails to accept responsibility for all of the crimes he has committed and with which he has been charged is entitled to nothing under § 3E1.1." *United States v. Thomas*, 242 F.3d 1028, 1034 (11th Cir. 2001). And the commentary to the Guidelines notes that the adjustment "is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse." U.S.S.G. § 3E1.1, cmt. n.2.

That said, a defendant who proceeds to trial is not "automatically preclude[d]" from getting the adjustment. *Id.* In "rare situations," a defendant may show that he accepted responsibility even though he exercised his constitutional right to a trial. *Id.* For example, this might happen if "a defendant goes to trial to assert and preserve issues that do not relate to factual guilt (e.g., to make a constitutional challenge to a statute or a challenge to the applicability of a statute to his conduct)." *Id.*

Here, Knight argued at trial that he did not knowingly possess the firearm. Thus, he denied an essential factual element of guilt. He also moved to suppress the firearm, ammunition, and drugs; this was another attempt to avoid factual guilt. *See United States v. Gonzalez*, 70 F.3d 1236, 1239 (11th Cir. 1995) (per curiam)

15

("By challenging the admissibility of the essential evidence against him, [the defendant] attempted to avoid a determination of factual guilt and to thereby escape responsibility for his crime.").  The District Court did not clearly err.

IV.

The judgment of the District Court is

**AFFIRMED.**