[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11207
Non-Argument Calendar

_____

D.C. Docket No. 8:17-cr-00354-CEH-CPT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL MOORE,
a.k.a. Michael Paul Moore,
a.k.a. Michael P. Moore,
a.k.a. Michael Nelson,
a.k.a. Michael Paul Nelson,
a.k.a. Michael P. Nelson,
a.k.a. Chris Smith,
a.k.a. Corey Sims,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(May 13, 2020)

Before WILSON, MARTIN and BLACK, Circuit Judges.

PER CURIAM:

Michael Moore appeals his below-guidelines 188-month sentence for being a felon in possession of a firearm.  Moore asserts the district court erred in denying him an acceptance-of-responsibility reduction and that the district court erroneously believed it lacked the authority to give a reduction.  Additionally, Moore contends his prior convictions under Fla. Stat. § 893.13 do not qualify as serious drug offenses under the Armed Career Criminal Act (ACCA).  After review, we affirm Moore's sentence.

## I.  DISCUSSION

### A.  Acceptance of Responsibility

A two-level reduction applies if the defendant "clearly demonstrates acceptance of responsibility for his offense."  U.S.S.G. § 3E1.1(a).  The guidelines commentary provides "[t]his adjustment is not intended to apply to a defendant who puts the government to its burden of proof at trial by denying the essential factual elements of guilt, is convicted, and only then admits guilt and expresses remorse."  U.S.S.G. § 3E1.1(a), comment. (n.2).  It further states that, if a defendant proceeds to trial, acceptance-of-responsibility reductions should only occur in "rare situations," such as "where a defendant goes to trial to assert and preserve issues that do not relate to factual guilt."  *Id.*

2

The district court is in a unique position to evaluate whether a defendant has accepted responsibility for his acts, and we will not set aside such a determination "unless the facts in the record clearly establish that the defendant has accepted responsibility." *United States v. Moriarty*, 429 F.3d 1012, 1022-23 (11th Cir. 2005). The defendant bears the burden of proving he accepted responsibility. *Id.* at 1023.

The district court did not clearly err in finding Moore did not meet his burden of showing he clearly accepted responsibility for his offense and his case was not one of the "rare circumstances" where a defendant who went to trial warranted a reduction. *See United States v. Tejas*, 868 F.3d 1242, 1247 (11th Cir. 2017) (reviewing the district court's denial of an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 for clear error). Moore conceded he was a convicted felon and that he possessed a firearm, but he did not stipulate to the interstate commerce element. *See United States v. Green*, 873 F.3d 846, 852 (11th Cir. 2017) (stating to prove a defendant was a felon in possession of a firearm, the Government is required to prove (1) the defendant was a convicted felon when he had possession of the firearm; (2) the defendant knowingly possessed the firearm; and (3) the firearm traveled in interstate commerce). While Moore never explicitly denied this element, his actions at trial show he was not ready to concede the issue. Moore objected to the admission of business records being offered to show the

3

firearm traveled in interstate commerce.  By objecting to this evidence, Moore was challenging the ability of the Government to satisfy its burden of proof as to this element.  *See* U.S.S.G. § 3E1.1, comment. (n.2).  Therefore, Moore did not elect to go to trial solely to raise the defense of necessity.

While Moore distinguishes between objections made to dispositive versus non-dispositive evidence, citing *United States v. Gonzalez*, 70 F.3d 1236, 1239 (11th Cir. 1995), this is a distinction without difference.  Moore's challenge to the admissibility of the Government's exhibits was an attempt to avoid a determination that the firearm had moved in interstate commerce, which the Government had to prove because Moore had not stipulated to it.  And while Moore claims this evidence was not essential to the Government's case because it could have proven the element by other means, that is immaterial to the fact that Moore put the Government to its burden at trial and then contested its evidence.  Thus, the district court did not clearly err in finding that, by challenging evidence offered to show his guilt, Moore had not clearly demonstrated acceptance of responsibility for the crime charged.

Moore's argument the district court erroneously believed that challenging an element of an offense at trial barred an acceptance-of-responsibility reduction is also unpersuauisive.  *See United States v. Hansen*, 262 F.3d 1217, 1255 (11th Cir. 2001)  (stating we review *de novo* a defendant's claim the district court mistakenly

4

believed it lacked the authority to grant a reduction under the guidelines).  Before denying the acceptance-of-responsibility reduction, the court recognized "that a Defendant may still have the acceptance of responsibility reduction even if he goes to trial . . . under certain reasons."  The court further discussed the enumerated reasons listed in the Guidelines commentary, even listing potential situations not listed in the commentary itself.  Further, the court explained its decision, noting that "[Moore] did not admit the interstate nexus," and "because he did put the Government to its burden of proof at trial . . . he is not entitled to the reduction."  Thus, the record does not support that the district court made an error of law as to the availability of an acceptance-of-responsibility reduction.  Rather, the district court determined that Moore was not entitled to a reduction under the facts here.

Accordingly, the district court was within its discretion to determine that Moore's objection showed Moore had not accepted responsibility for his acts.  As the record reflects the district court understood its discretion in granting or denying a reduction, no misunderstanding of authority occurred.  *See Hansen*, 262 F.3d at 1257.  We affirm the district court's denial of the acceptance-of-responsibility reduction.

*B.  Fla. Stat. § 893.13*

We review whether a conviction qualifies as a serious drug offense under the ACCA *de novo*.  *United States v. White*, 837 F.3d 1225, 1228 (11th Cir. 2016).

5

Convictions under Fla. Stat. § 893.13 qualify as a "serious drug offense" under the ACCA. *United States v. Smith*, 775 F.3d 1262, 1268 (11th Cir. 2014). In *Smith*, we also analyzed and rejected the necessity of a *mens rea* element in the underlying crime to qualify as a serious drug offense under the ACCA. *Id.*

Moore's arguments his prior convictions under § 893.13 were not serious drug offenses are foreclosed by *Smith*. While Moore claims that *Smith* was wrongly decided, this Court is bound to follow it until it is overruled by the Supreme Court or this Court *en banc*. *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008). Accordingly, we are bound by our holding in *Smith* and affirm the district court's determination that Moore's prior convictions under Fla. Stat. § 893.13 were serious drug offenses under the ACCA.

## II.  CONCLUSION

Accordingly, we affirm Moore's sentence.

**AFFIRMED**.