[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-11923

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANTONIO DE LA ROSA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
D.C. Docket No. 1:20-cr-00042-CG-B-1

_____

Before JILL PRYOR, BRANCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Antonio De La Rosa appeals his conviction for possessing a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c)(1)(A), challenging only the district court's denial of his motion to suppress. He argues that the district court erred in denying that motion because officers did not possess reasonable suspicion to initiate their encounter with him and perform a brief, investigatory detention. After reviewing the record and reading the parties' briefs, we affirm the district court's order denying De La Rosa's motion to suppress.

## I.

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." *United States v. Zapata*, 180 F.3d 1237, 1240 (11th Cir. 1999). We review *de novo* the district court's factual findings for clear error and its application of the law to the facts. *Id.* The court construes the facts in the light most favorable to the party who prevailed below. *United States v. Bervaldi,* 226 F.3d 1256, 1262 (11th Cir. 2000).

"Typically, issues not raised in the initial brief on appeal are deemed abandoned." *United States v. Campbell*, 26 F.4th 860, 871 (11th Cir. 2022) (*en banc*). "Abandonment of an issue can also occur when passing references appear in the argument section of an opening brief, particularly when the references are mere

21-11923              Opinion of the Court                    3

'background' to the appellant's main arguments or when they are 'buried' within those arguments." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 682 (11th Cir. 2014) (citations omitted).

## II.

The Fourth Amendment prohibits unreasonable searches and seizures. U.S. Const. amend. IV. In determining whether a search or seizure is reasonable, we examine the totality of the circumstances. *United States v. Lewis*, 674 F.3d 1298, 1303 (11th Cir. 2012).

Law enforcement may "seize a suspect for a brief, investigatory . . . stop where (1) the officers have a reasonable suspicion that the suspect was involved in, or is about to be involved in, criminal activity, and (2) the stop [is] reasonably related in scope to the circumstances which justif[y] the interference in the first place." *Id.* (quotation marks and citations omitted). Reasonable suspicion must be more than an inchoate or unparticularized suspicion or hunch. *United States v. Powell*, 222 F.3d 913, 917 (11th Cir. 2000) (citations omitted). "While 'reasonable suspicion' is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence, the Fourth Amendment requires at least a minimal level of objective justification for making the stop." *Illinois v. Wardlow*, 528 U.S. 119, 123, 120 S. Ct. 673, 676-76 (2000). Reasonable suspicion need not involve observation of illegal conduct, however. *Lewis*, 674 F.3d at 1303.

The existence of reasonable suspicion depends on probabilities, not hard certainties. *United States v. Cortez*, 449 U.S. 411, 418, 101 S. Ct. 690, 695 (1981).  An assessment of the whole picture must yield a particularized suspicion. *Id.*  In some cases, "the smell of marijuana alone may provide a basis for reasonable suspicion for further investigation of possible criminal conduct." *United States v. White*, 593 F.3d 1199, 1203 (11th Cir. 2010); *see also United States v. Tobin*, 923 F.2d 1506, 1512 (11th Cir. 1991) (*en banc*) (noting that an officer's suspicions "rose to the level of probable cause when, as the door stood opened, he detected what he knew from his law enforcement experience to be the odor of marijuana").  In other cases, "[a] person's proximity to a person whom officers have probable cause to believe is committing a crime may be considered as a factor in assessing reasonable suspicion." *United States v. Gonzalez*, 70 F.3d 1236, 1238 (11th Cir. 1995); *see also United States v. Hunter*, 291 F.3d 1302, 1306 (11th Cir. 2002) (approving the brief detention of an individual standing next to another who was gambling illegally).

Generally, "reasonable suspicion of criminal activity must attach to the particular person stopped." *Lewis*, 674 F.3d at 1305. Nonetheless, "as the Supreme Court has . . . made crystal clear, individualized suspicion is not an absolute prerequisite for every constitutional search or seizure." *Id.* at 1305-06.

Police officers may also briefly detain individuals not suspected of wrongdoing to control a situation or promote officer safety.  *See United States v. Clark*, 337 F.3d 1282, 1288 (11th Cir.

2003) (holding that the officer "did not violate the Fourth Amendment in briefly detaining [the defendant] after learning that he was not a mere bystander but, instead and notably, had been . . . an associate of two persons being investigated for criminal activities"); *see also Lewis*, 674 F.3d at 1308 (holding that an officer may briefly detain individuals not suspected of wrongdoing to promote officer safety).  Moreover, detaining an individual who locates himself such that he would naturally be detained as part of a police investigation does not violate the Fourth Amendment, particularly where officers are uncertain of the perpetrator's identity.  *See United States v. Gibbs*, 917 F.3d 1289, 1297 (11th Cir. 2019).

Importantly, we note that Alabama law criminalizes the possession of marijuana, whether for personal use or otherwise.  *See* Ala. Code §§ 13A-12-213, 13A-12-214.  Driving under the influence of marijuana is also illegal in Alabama.  *See id.* § 32-5A-191(a)(3).

## III.

As an initial matter, De La Rosa has abandoned the argument that the initial encounter constituted an arrest without probable cause because he does not argue on appeal that the initial encounter was tantamount to an arrest.  Thus, we do not consider that argument.

As to the issue of reasonable suspicion, the totality of the circumstances indicate that the officers had reasonable suspicion to detain De La Rosa because they possessed an objectively reasonable suspicion that he had engaged, or was about to engage, in

criminal activity. Thus, we conclude, from the record, that the district court properly denied De La Rosa's motion to suppress. Here, officers did not violate De La Rosa's Fourth Amendment rights by performing a brief, investigatory detention when he exited a hotel room from which an officer observed smoke and detected a strong odor of marijuana emanating from De La Rosa.

Furthermore, the officers testified at the suppression hearing before the district court that they were involved in a marijuana investigation that targeted two individuals at the same hotel where De La Rosa had parked his vehicle. When De La Rosa left the hotel room, from which marijuana smoke emanated, and got into a vehicle with several other individuals, the officers acted reasonably in stopping the vehicle to locate the suspects involved in the marijuana investigation. At that point, the officers had corroborated the primary suspects' descriptions, their vehicle, and their destination, to some extent. Thus, when De La Rosa exited the hotel room alongside the primary suspects, the officers had reasonable suspicion that De La Rosa was engaged in criminal activity. These facts, coupled with De La Rosa's proximity to the primary suspects of an ongoing marijuana investigation, justified the brief, investigatory detention. *See Gonzalez*, 70 F.3d at 1238. Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Da La Rosa's motion to suppress.

**AFFIRMED.**